In the Matter of the Claim of CORINNE C. WATERMAN, Appellant. ISADOR LUBIN, as Industrial Commissioner, Respondent.— Appeal by claimant from a decision of the Unemployment Insurance Appeal Board affirming a decision of an Unemployment Insurance Referee that claimant was ineligible to receive unemployment insurance benefits on the ground that she did not have at least twenty weeks of covered employment during her base period. Claimant filed for unemployment insurance benefits effective May 10, 1954. Her base period ran from May 11, 1953, through May 9, 1954. (Labor Law, § 520.) One of the requirements of a valid original claim is that a claimant must have had at least twenty weeks of employment in the fifty-two-week period preceding the filing of the claim. (Labor Law, § 527.) Claimant received credit for fourteen weeks of covered employment during her base period but contended that she was entitled to nine additional weeks for other employment. After an initial determination that the nine additional weeks could not be credited to claimant, she requested a hearing to contest the determination and a hearing was held before an Unemployment Insurance Referee. Among other things, the claimant contended that she worked for a Doctor Schachian for six weeks during her base period. An employee who kept Doctor Schachian's books was sworn and produced records which showed that claimant was employed by Doctor Schachian only between March 23, 1953, and April 24, 1953, which was prior to the claimant's base period. At the conclusion of the hearing, the referee found that seven of the weeks of employment, with which claimant contended she should be credited, did not occur within her base period and, as to the balance of the weeks of employment for which claimant sought credit, the employers were not subject to the provisions of the Unemployment Insurance Law. These findings were adopted by the Appeal Board. Inasmuch as there is substantial evidence to support these findings, the decision of the Appeal Board is final (Labor Law, § 623) and this court is without power to interfere (*Matter of Detsch* [*Corsi*], 277 App. Div. 823). Claimant argues that, despite the fact that she may not have had twenty weeks of employment during her base period, she nevertheless is qualified for benefits because she first became an applicant for benefits in 1945 and that the law then in effect (determining eligibility upon the basis of earnings rather than weeks of covered employment in a base period) should apply. Such argument is without merit. Section 643 of the Labor Law provides that no person shall be deemed to have any vested rights by reason of the enactment of the Unemployment Insurance Law and it reserves to the Legislature the right to amend, alter or repeal any provision of the law. This claim was properly determined under the law as it existed at the time the claim was filed. (*Matter of Ohlbaun* [*Corsi*], 276 App. Div. 804.) Claimant attempts to bring up for review previous decisions of the Appeal Board. These were final decisions within the meaning of the Unemployment Insurance Law and not intermediate or interlocutory orders within the scope of section 580 of the Civil Practice Act. In the absence of any timely appeal from such decisions, they may not be reviewed. (Labor Law, § 624.) Decision of the Unemployment Insurance Appeal Board unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Coon, Halpern and Zeller, JJ.